IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02338-MSK-MEH

ROBERTO BRANCATO, as parent and next friend of R.B., a minor child, and
ROCHELLE BRANCATO, individually,

    Plaintiffs,

v.

MARY PANIO,
EDRA WEISS,
CAROL OLSON,
WHITNEY HARRAH,
SCOTT JUAREZ,
JANE JORDAN,
ALEXANDER PANIO, JR., and
ADOLESCENT AND FAMILY INSTITUTE OF COLORADO, INC.

    Defendants.

---

## ORDER ON DEFENDANTS' MOTION TO STAY
---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant Edra Weiss' Motion for Stay Pending Resolution of Criminal Investigation [filed November 7, 2012; docket #24]. All other Defendants have joined in the motion since its filing. *See* dockets #29 and #37. The motion is fully briefed and has been referred to this Court for disposition [docket #26]. For the reasons that follow, Defendants' motion is **denied**.

**I.**    **Background**

Plaintiffs instituted this action on September 4, 2012. In essence, Plaintiffs seek damages for Defendants' alleged misrepresentations and negligence in caring for the Plaintiffs' son. *See* Complaint [docket #1]. On November 7, 2012, Defendant Weiss filed the present motion together with a motion for extension of time to answer or otherwise respond to the Complaint. *See* dockets

#22 and #24. Judge Krieger granted the motion for extension of time, allowing Weiss to file a response to the Complaint within seven days after an order on the present motion. Docket #27. In accordance with Judge Krieger's order, this Court granted the same extension of time to the remaining Defendants. Dockets #32 and #43.

In the present motion, Defendants argue that a stay of proceedings is proper pending resolution of a parallel criminal investigation concerning some of the same allegations made in this action. Defendants assert that they are entitled to protect their rights against self-incrimination and should not be required to choose between asserting their rights and invoking an adverse inference or waiving their rights and subjecting themselves to possible criminal penalties.

Plaintiffs counter that stays of civil cases based upon ongoing criminal proceedings are generally disfavored in the absence of an indictment or actual, demonstrable harm. Plaintiffs argue that, here, there have been no indictments and no showing of actual harm. Moreover, Plaintiffs contend that a blanket protective order staying all discovery is generally disfavored.

Defendants reply that the existence of an indictment is not necessary for a court to stay the proceedings of a case. Defendants rely on their initial arguments that a balancing of suggested factors weighs heavily in favor of granting a stay.

**II.     Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendants seek protection from the burden of discovery at this stage in the case. A stay of all discovery is

generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007). Staying the entire case while a criminal investigation proceeds could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability. This is particularly true in cases like this one, pending before Judge Krieger, who instructs the parties that motions having the effect of delaying proceedings may "adversely affect the scheduling of the case or other cases." MSK Practice Stds., II.G.

Furthermore, the Court agrees that an indefinite stay of all civil proceedings pending completion of a pre-indictment criminal investigation is unnecessary here. "The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights" *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citations omitted); *see also Ben Ezra Weinstein & Co., Inc. v. America Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) ("[w]hen applying for a stay, a party must demonstrate a clear case of hardship or inequity") (citations and internal quotations omitted). "When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. ... A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080 (citations omitted).

Here, it is undisputed that the Wheatridge Police Department has commenced an investigation into allegations made by the Plaintiffs and others against certain of the Defendants in this case. However, there is no indication that the Defendants actually have been questioned by the police department for its investigation; in fact, in her motion filed November 7, 2012 and in her

reply brief filed December 4, 2012, Defendant Weiss states that she "has been informed that she is a *potential* target in that investigation." Reply, docket #42 at 2 (emphasis added). Such information demonstrates neither substantial prejudice nor "a clear case of hardship or inequity." *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) ("A district court may stay civil proceedings when related criminal proceedings are *imminent or pending*, and it will sometimes be prudential to do so.") (emphasis added) (citation omitted).

Defendants contend that the Court should consider certain factors in weighing the propriety of an indefinite stay. Motion, docket #24 at 5 (citing *U.S. S.E.C. v. Trujillo*, 2010 WL 2232388, at *2 (D. Colo. June 1, 2010)). First, it is undisputed that there exists an overlap between the issues raised in the criminal investigation and those in this civil case; thus, this factor weighs in favor of a stay. Second, it is undisputed that no Defendant in this case has been indicted on criminal charges. Therefore, as set forth above, criminal proceedings are not imminent and this factor weighs against a stay. Third, the interests of the Plaintiffs in proceeding expeditiously is clear; as set forth above, any delay caused by an indefinite stay of the proceedings at this stage could decrease the quality of evidence and the availability of witnesses. The third factor weighs against an indefinite stay.

Fourth, the burden on the Defendants is minimal at this point; as stated herein, there is no indication that the Defendants have been yet questioned by the police. Even if they had, the Tenth Circuit affirms that a defendant has no right not to choose between testifying in a civil matter or invoking his/her Fifth Amendment rights. The fourth factor weighs against a stay. Fifth, the interests of the court in securing "just, *speedy* and inexpensive" determinations of civil matters is set forth in Rule 1 of the Federal Rules of Civil Procedure (emphasis added). Certainly, as Judge Krieger asserts in her practice standards for civil cases, motions having the effect of delaying

proceedings may "adversely affect the scheduling of the case or other cases." MSK Practice Stds., II.G. The fifth factor weighs against an indefinite stay. Sixth, the Court acknowledges that the public interests lie both in speedy court proceedings and a citizen's right to invoke the Fifth Amendment; therefore, the Court concludes that the sixth factor is neutral as to a stay.

Weighing the factors considered by other courts in determining whether an indefinite stay of civil proceedings is proper for the completion of a parallel criminal investigation, the Court concludes the factors applied to this case weigh against an indefinite stay. Consequently, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the present motion to stay proceedings be denied.

## III. Conclusion

Defendants have failed to meet their burden to demonstrate that an indefinite stay of proceedings is appropriate at this stage of the litigation pending the completion of a potential criminal investigation against them. Accordingly, for the reasons stated above, the Court ORDERS that Defendant Edra Weiss' Motion for Stay Pending Resolution of Criminal Investigation [filed November 7, 2012; docket #24] is **denied**.

Dated at Denver, Colorado, this 7th day of December, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge